Filed 6/5/15  P. v. Benitez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067395 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN060376) |
| LUZ ELVA BENITEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, K. Michael Kirkman, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Luz Elva Benitez appeals from the trial court's denial of her motion to vacate her 1997 guilty plea on the basis she was not aware of the immigration consequences of her guilty plea.  The record demonstrates Benitez was fully informed that a consequence of

her guilty plea could include her removal from the country. Thus, we will affirm the trial court's decision.

In September 1997, Benitez entered a guilty plea to possession of a controlled substance for sale (Health & Saf. Code, § 11378) and admitted a prior conviction for the same type of offense. As part of the change of plea process, Benitez completed a change of plea form which included her initials next to the statement: "I understand that if I am not a citizen of the United States a plea of Guilty or No Contest could result in deportation, exclusion from admission to this country and/or denial of naturalization."

During the change of plea the trial judge questioned Benitez about her decision, knowledge of her rights, the assistance of counsel and the potential immigration consequences of her plea. The following discussion took place:

"The Court: U.S. citizen?

"Benitez: No, sir.

"The Court: All right. If you are not, the court advises you, by entering this plea, you could be deported, and/or excluded from admission to the United States, and/or denial of naturalization. Do you understand those things?

"Benitez: Yes, sir.

"The Court: Knowing those, do you still wish to enter this plea?

"Benitez: Yes, sir."

In December 2014, Benitez filed a motion to vacate her 1997 conviction on the grounds she was not fully informed by the court and counsel of the immigration

2

consequences of her guilty plea. The trial court denied her request. Benitez filed a notice of appeal.

DISCUSSION

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has been unable to identify any reasonably arguable issue for reversal on appeal. Counsel requests this court review the record for error as mandated by *Wende*.

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not reasonably arguable issues for our consideration as we review the record for error:

1. Was Benitez properly advised of the rights she was waiving and the consequences of pleading guilty, particularly, the immigration consequences of pleading guilty?

2. Whether the transcript of the 1997 change of plea sufficiently supports the court's finding the plea was knowing and voluntary?

3. Did the trial court properly deny the motion to vacate the 1997 conviction?

We offered Benitez the opportunity to file her own brief on appeal but she has failed to respond.

We have reviewed the entire record on appeal as required by *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738. We have not discovered any reasonably arguable issue for reversal on appeal. Competent counsel has represented Benitez on this appeal.

3

DISPOSITION

The order is affirmed.

                                                        HUFFMAN, Acting P. J.

WE CONCUR:


McDONALD, J.


O'ROURKE, J.

4